·Cooksey, &c., v. Cassidy, &c.

---

CASE 80—EQUITY—MAY 5, 1881.

## Cooksey, &c., v. Cassidy, &c.

APPEAL FROM CALDWELL CIRCUIT COURT.

1. A trial in chancery is not ended until final judgment is recorded, and under Myers' Code, which provided that exceptions to the competency of depositions might be filed at any time during the progress of the trial, such exceptions were in time, although not filed until after the court announced its conclusion from the bench.
2. In the absence of an objection to the filing of the exceptions, appellants cannot complain of the action of the court in permitting them to be filed.

Cooksey, &c., v. Cassidy, &c.

GEO. W. DUVALL FOR APPELLANTS.

Exceptions to depositions should be in writing, and filed before the
beginning of the trial. As the written exceptions in this case were
not filed until after the trial began, they should not have been con-
sidered. (Thompson v. Porter, 4 Bibb, 70; Bronson v. Green, 2
Duvall, 234; Civil Code, sec. 586.)

S. MARBLE & SON FOR APPELLEES.

The recording of the judgment and not the announcement by the court
of its conclusion was the ending of the trial, hence the exceptions
to depositions were filed in time. (Myers' Code, sec. 651.)

JUDGE HINES DELIVERED THE OPINION OF THE COURT.

On the hearing, counsel for appellees orally announced
that he excepted to certain depositions taken by appellant,
on account of interest on the part of the deponents, and
after all the depositions had been read, and after argument
of counsel, the court announced from the bench its conclu-
sion in conformity to the judgment appealed from, where-
upon counsel for appellees filed written exceptions to the
depositions, specifying the grounds of interest, which ex-
ceptions were sustained by the court, exceptions taken at
the time to the ruling of the court, and thereafter the judg-
ment appealed from was entered of record. At the time
the depositions were taken, which was prior to the act mak-
ing persons interested in the result of an action competent,
the persons whose depositions were excepted to were not
competent witnesses, and the ruling of the court was there-
fore correct, but the complaint is that the verbal exceptions
amounted to nothing, and that the written exceptions came
too late. Under Myers' Code, which must apply here,
because the action was in progress when the Code of 1877
was adopted, exceptions to competency might be filed at
any time during the progress of the trial, and the party
offering the evidence had the right to require the court to
pass upon the exceptions before rendering or entering final

judgment on the merits. No request of this kind. was,
made of the court, so far as the record shows, but appel-
lants contented themselves with an exception to the ruling
sustaining the exceptions, as appears from the judgment.
After the final judgment was entered, counsel for. appellants,
filed grounds and moved for a new trial, complaining that
the written exceptions were not filed until after the argument
of counsel, nor until after the court had intimated what its,
judgment would be, and that he was thereby taken by sur-
prise. As the exceptions might at any time during the
trial be filed, and the court has full control over such matters;
until the judgment is entered, and as counsel might have
required the court to pass upon the exceptions. at the time
they were filed, and before the judgment was entered,. as
well as he could have done if they had been filed earlier,.
we see no reason why the court should have granted a new
trial on the ground of surprise. Counsel must have known,
of the right to file the exceptions at any time during the
trial, and of his right to have the court pass upon them
before entering judgment; but even if it be conceded that
the exceptions came too late because not filed before the
depositions were read and argument heard, appellants cannot
complain because the record does not show that counsel
objected to the filing of the exceptions or to their consider-
ation by the court. There is nothing but an exception to,
the ruling of the court on the exceptions.